**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EVARISTUS MACKEY, | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-04-1577 |
| v. | : | (Judge Caputo) |
| JOSEPH SMITH, et al., | : | |
| Defendants. | : | |

## O R D E R

Evaristus Mackey, an inmate incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint (Doc. 1). By Order dated February 18, 2005 (Doc. 45), the Defendants' motion to dismiss (Doc. 26) Plaintiff's complaint was granted, based upon Plaintiff's failure to exhaust administrative remedies. Presently pending before the Court is Plaintiff's motion for reconsideration (Doc. 46) of the Order granting dismissal of the complaint. Because this Court finds that Plaintiff has failed to provide the evidence required for a successful motion for reconsideration, his motion will be denied.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion

---

1. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

      In his pending motion for reconsideration, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claims merit reconsideration.  Plaintiff concedes that he has not exhausted his administrative remedies, and he is merely asking this Court to "stay the proceedings allowing [P]laintiff the chance to exhaust all remedies . . . ."  (Doc. 46 at 3.) (emphasis in original).  Such a request is not an appropriate basis for reconsideration, and Plaintiff's motion will be denied.

**AND NOW, THEREFORE, THIS 27th DAY OF APRIL, 2005, IT IS HEREBY ORDERED THAT** Plaintiff's motion for consideration is **DENIED**.

                      /s/ A. Richard Caputo
                      A. RICHARD CAPUTO
                      United States District Judge